UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF OUTSTATE MICHIGAN
TROWEL TRADES PENSION FUND, et al.,

        Plaintiffs,                            Hon. Jane M. Beckering

v.                                     Case No. 1:25-cv-0077

SERRATOS CONSTRUCTION, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Petition for Contempt. (ECF No. 24). Plaintiffs ask the Court to hold Defendant in contempt for failing to comply with the Court's June 2, 2025, Default Judgment (ECF No. 21). (*See* ECF No. 24, PageID.70). The Court referred this matter to the undersigned judicial officer for a report and recommendation.

Plaintiffs served Defendant with a copy of the Default Judgment on June 3, 2025 (ECF No. 22), and they served Defendant with a copy of the Petition for Contempt on July 29, 2025 (ECF No. 26). In addition, and as ordered by the Court (*see* ECF No. 30), Plaintiffs served Defendant with a notice of the Court's hearing set for August 18, 2025, and of the Court's order to file a responsive brief no later than August 12, 2025 (ECF

No. 31).   Defendant failed to file a responsive brief, and it failed to appear for the August 18 hearing, as ordered by the Court. [1]   (Amended Minutes, ECF No. 34).

Defendant's failure to respond to the contempt petition constitutes a waiver of any argument in opposition to the issues raised in the petition, and they serve as an independent basis for granting it.   *See, e.g., Westbay v. Audiology Services Co. USA, LLC*, Case No. 3:19-cv-211, 2020 WL 13556551, at *1 (W.D. Ky Jan. 9, 2020) (citing *Humphrey v. U.S. Attorney General's Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); *Williams v. PBI Bank*, Case No. 3:13-cv-1166, 2017 WL 6940699, at *1 (W.D. Ky Feb. 28, 2017)).   Nevertheless, the undersigned has reviewed the contempt petition, and for the reasons stated herein, recommends that it be granted.

## UNDERLYING FACTS AND PROCEDURAL HISTORY

Plaintiffs brought this action against Defendant Serrratos Construction, Inc., pursuant to the Labor–Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(2) and § 1145, alleging breach of the fringe benefits provisions of certain collective bargaining agreements.   (Compl., ECF No. 1).   After Defendant failed to answer, default was entered against it on May 14, 2025.   (ECF No. 14).   On June 2, 2025, the Court entered default judgment against Defendant.   (ECF No. 21).   In that judgment, the Court ordered, among other things, that Defendant Serratos Construction, Inc.,

---

[1] The Court opened the hearing a 2:16 pm, allowing additional time to see if Defendant would appear.   No one appeared on behalf of Defendant, nor did anyone contact chambers to advise of their inability to appear.

> submit to Plaintiffs for inspection and audit of its books and records needed by Plaintiffs to determine the amount of Defendant's indebtedness for the period of January 2021 until the date of production of such books and records.   Submission of such books and records shall be made during normal business hours at the offices of Plaintiffs' auditors: Stefansky, Holloway & Nichols, Inc., 22260 Haggerty Road, Suite 350, Northville, MI 48167-8983.   The books and records shall remain in the auditors' possession until they have completed their review.

(*Id.* at PageID.65).   The Court gave Defendant fourteen days to comply.   (*Id.*).

On July 1, 2025, Plaintiffs sent a letter with a copy of the default judgment to the president of Defendant Serratos Construction, Inc., demanding the production of the materials addressed in the default judgment.   (Kless Decl. ¶ 4, ECF No. 25, PageID.73; *see also* Letter from Plaintiffs' Counsel to Miguel Serratos, dated July 1, 2025 (ECF No. 25, PageID.74-75)).   To date, Defendant has failed to comply.   (*See* Kless Decl. ¶ 4, ECF No. 25, PageID.73).

## DISCUSSION

It is settled law that federal courts have the inherent authority to punish those who violate court orders.   *See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994).   "Courts independently must be vested with 'power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution.'"   *Id.* (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)).   The Supreme Court described the nature and necessity of the contempt power in *Gompers v. Buck's Stove & Range Co.*:

[W]hile it is sparingly to be used, yet the power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.   Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory.

If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery.

221 U.S. 418, 450 (1911).

While criminal contempt is governed by 18 U.S.C. § 401, civil contempt remains a creature of the court's inherent power.   *See Spallone v. United States*, 493 U.S. 265, 276 (1990) ("[T]he District Court [is] entitled to rely on the axiom that 'courts have inherent power to enforce compliance with their lawful orders through civil contempt.'" (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)).   "Contempts are neither wholly civil nor altogether criminal.   And 'it may not always be easy to classify a particular act as belonging to either one of these two classes.   It may partake of the characteristics of both.'"   *Gompers*, 221 U.S. at 441 (quoting *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 329 (1904)).

The principle purpose of civil contempt is remedial and it is imposed "for the benefit of the complainant."   *Id.*; *see also United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (The purpose of civil contempt is "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." (citing *Gompers*, 221 U.S. at 448, 449)).   "[A] contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant,

and is not intended as a deterrent to offenses against the public." *McCrone v. United States*, 307 U.S. 61, 64 (1939).   In addition, "[t]he award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983).

Given the facts and circumstances of this case, Defendant Serratos Construction, Inc.'s, contumacious conduct falls within the scope of civil contempt.   The undersigned believes that civil contempt may be sufficient to effectively remediate the harm caused by Defendant's misconduct, vindicate the Court's default judgment, and provide the necessary incentive to obtain its future compliance with the Court's orders.   The standards for civil contempt require a showing "by clear and convincing evidence that [the alleged contemnor] 'violated a definite and specific order of the court requiring [him] to perform . . . a particular act or acts with knowledge of the court's order.'"   *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)).   Based on the facts contained herein, the standard for civil contempt has been met.

## CONCLUSION

For the reasons articulated herein, the undersigned judicial officer recommends that Plaintiffs' Petition for Contempt (ECF No. 24) be granted and that Defendant be held in contempt of Court for having failed to comply with the Court's June 2, 2025, Default Judgment.

The undersigned further recommends that the Court order Defendant to purge its contempt by submitting to Plaintiffs for inspection and audit, no later than fourteen days after the date of the order of contempt, Defendant's "books and records needed by Plaintiffs to determine the amount of Defendant's indebtedness for the period of January 2021 until the date of production of such books and records," as ordered in the Default Judgment (ECF No. 21, PageID.65).

The undersigned further recommends that the Court award to Plaintiffs their reasonable costs, including attorneys' fees, in bringing the Petition for Contempt.

The undersigned further recommends that the Court impose a daily civil contempt penalty, in an amount to be determined by the Court, should Defendant fail to comply with the Court's contempt order within the fourteen days set in that order.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 19, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge